

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Temple Shell
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. O-3229
Re: County Surveyors - It is
discretionary with the
Commissioners' Court as to
what office space, if any,
they may see fit to assign
to the county surveyor.

　　　　Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

　　　　"Mr. A. M. McPherson, our recently
elected County Surveyor, has requested the
Commissioners' Court to give him office space
in the Court house.

　　　　"The Court offered Mr. McPherson a room
opening off of one of the District Court
rooms. This room, he states, is so small that
it will not permit him to set up his draft-
ing board and install his desk and chair. He
further objects to it as not being accessible
to the public, as it is necessary to pass
through the entire length of the court room
to reach it.

　　　　"He has suggested that a more suitable
and accessible room now occupied by the Tuber-
cular Society be assigned him. Favorable
action on this suggestion was not taken by
the Court.

　　　　"I have rendered an oral opinion to Mr.
McPherson, stating that in my opinion, the

provisions of Art. 3899b, Sec. 2. of Title 61 - Fees of office, now govern, and that it is discretionary with the Commissioners' Court whether or not they supply the County Surveyor with an office in the Court house, or whether or not they are obliged to pay his office rent in the event they do not so supply him.

"Mr. McPherson, on the other hand, has been advised by counsel that Art. 5283, Vernon's Revised Statutes, still governs, and that the Court is obliged to either furnish an office in the Court house suitable for conducting the business of a County Surveyor, or to pay the rent on an office outside the Court house, as provided in this Article.

"Therefore, I propound for your consideration and opinion, the following questions:

"1. Is it obligatory for the Commissioners' Court to supply the County Surveyor with a suitable office in the Court house, providing one is available or can be made available?

"2. If the above is answered in the affirmative, then must the Court supply an office suitable for the carrying on of the work of a County Surveyor; i.e., large enough for his equipment and the County Survey Records, and accessible to the public?

"3. If No. 1, above is answered in the affirmative, then should the County Surveyor, being an elective officer, as provided in the Constitution, Sec. 44, Art. 16, be given preference in selecting an office over persons who are not so elected; i. e. Justices of the Peace, Constables, W. P. A., and representatives of charitable institutions?

138

"4. If No. 1 is answered affirmatively, and the Commissioners' Court finds there is no suitable available office space in the Court house for the County Surveyor, then, are they obligated to pay a reasonable rent for an office outside the Court house?"

We do not here pass on the authority of the Commissioners' Court to provide office space in the courthouse for the "Tubercular Society" as we do not have sufficient facts to pass on same and said question is not directly raised here.

Article 5283, Vernon's Annotated Texas Civil Statutes, reads as follows:

"A county surveyor shall be elected in each county at each general election for a term of two years. He shall reside in the county and keep his office at the courthouse or some suitable building at the county seat, the rent therefor to be paid by the commissioners' court on satisfactory showing that the rent is reasonable, the office necessary and that there is no available office at the courthouse."

Article 3899b, Vernon's Annotated Texas Civil Statutes, is a much later statute than Article 5283, supra. Sections 1 and 2 of Article 3899b, V. A. T. C. S., read as follows:

"Section 1. There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners Court for said officers at the

Honorable Temple Shell, Page 4

expense of the county. And such books and
stationery as are necessary in the perform-
ance of their duties shall also be furnish-
ed Justices of the Peace by said Commissioners
Court. Provided all purchases herein must
be approved by Commissioners Court, and must
be made under the provisions of Article 1659,
Revised Civil Statutes of Texas, 1925.

"Sec. 2. Suitable offices and stationery
and blanks necessary in the performance of
their duties may in the discretion of the
Commissioners Court also be furnished to resi-
dent District Judges, resident District and
County Attorneys, County Superintendents
and County Surveyors, and may be paid for on
order of the Commissioners Court out of the
County Treasury."

It is a settled rule of statutory construction
that where two statutes are in pari materia and cannot be
reconciled the older statute will be held to be repealed
by implication to the extent of the conflict. In such
circumstances it is presumed that the Legislature intend-
ed to repeal all laws and parts of laws clearly incon-
sistent with its later act. (See 39 Texas Jurisprudence,
page 145.)

Section 1 of Article 3899b, makes it the
mandatory duty of the Commissioners' Court to provide
suitable offices for certain county officers, to wit:
County Judges, Clerks of the County and District Courts,
Sheriffs, County Treasurers and Tax Assessor-Collectors.
Section 2 of Article 3899b provides that it is discre-
tionary with the Commissioners' Court as to the provid-
ing of suitable offices for the following officers:
resident District Judges, resident District and County
Attorneys, County Superintendents and County Surveyors.
Thus we see that Sections 1 and 2 of Article 3899b,
supra, are comprehensive acts dealing with the providing
of offices for county and district officers, making it
mandatory to provide offices for certain named officers

and allowing the Commissioners' Court discretion to determine whether or not other certain named officers should be provided with suitable offices.

You are respectfully advised that it is the opinion of this department that it is discretionary with the Commissioners' Court of Wichita County as to what kind of office space, if any, either in or out of the courthouse, they may see fit to allow the county surveyor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

APPROVED MAR 15, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN